# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ROMERO D. ROUSER, JR.**                 **CIVIL ACTION**

**VERSUS**                               **NO. 17-1334**

**ROBERT STRADER, WARDEN**           **SECTION "G"(4)**

## ORDER AND REASONS

Before the Court are Petitioner Romero D. Rouser, Jr.'s ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the David Wade Correctional Center in Homer, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 1.

[3] Rec. Doc. 10.

[4] Rec. Doc. 11.

## I. Background

*A.     Factual Background*

On April 5, 2012, Petitioner was charged by Indictment in Orleans Parish Criminal District Court with one count of second-degree murder and two counts of attempted second-degree murder.[5] On October 31, 2013, following a jury trial, Petitioner was found guilty of the lesser offenses of one count of manslaughter and two counts of attempted manslaughter.[6] On December 17, 2013, the trial court sentenced Petitioner to 30 years imprisonment on the manslaughter count and 15 years imprisonment on each of the attempted manslaughter counts, to be served concurrently.[7]

On January 7, 2015, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[8] However, the Louisiana Fourth Circuit noted that there was a discrepancy between the sentencing transcript and the minute entry, and remanded the case with instructions to the trial court to amend the pertinent docket master and minute entry from sentencing to conform with the transcript.[9] On December 7, 2015, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[10]

On February 10, 2017, Petitioner filed the instant federal habeas petition.[11] Petitioner raises the following grounds for relief: (1) the evidence was insufficient to prove that Petitioner did not

---

[5] State Rec., Vol. I of VII, Indictment, Apr. 5, 2012.

[6] State Rec., Vol. I of VII, Minute Entry, Oct. 31, 2013.

[7] State Rec., Vol. I of VII, Minute Entry, Dec. 17, 2013.

[8] *State v. Rouser*, 2014-KA-613 (La. App. 4 Cir. 1/7/15); 158 So. 3d 860.

[9] *Id.*

[10] *State v. Rouser*, 2015-KO-193 (La. 12/7/15); State Rec., Vol. VI of VII.

[11] Rec. Doc. 1.

2

act in self-defense and the trial court erred when instructing the jury on justification and retreat; (2) the sentence imposed was excessive; and (3) evidentiary errors occurred at trial.[12] However, Petitioner did not provide any briefing regarding the claim that evidentiary errors occurred at trial.[13] Furthermore, Petitioner conceded that the claim related to the improper jury charge was in procedural default and not being presented at this time.[14] On May 19, 2017, the State filed a response, arguing that the remaining sufficiency of the evidence claim and excessive sentence claim should be denied on the merits.[15] On June 28, 2017, Petitioner filed a traverse to the State's response, which reiterated his intent to assert only the two claims addressing insufficient evidence to disprove self-defense and an excessive sentence.[16]

## B.     *Report and Recommendation Findings*

In the Report and Recommendation, the Magistrate Judge recommended that this Court dismiss the petition with prejudice.[17] First, the Magistrate Judge addressed Petitioner's claim that the evidence was insufficient to prove that Petitioner did not act in self-defense.[18] The Magistrate Judge noted that much of Petitioner's argument focuses on whether the jury should have given more weight to the defense witnesses than it did to the State's witnesses, whom Petitioner claimed misrepresented the circumstances of the shooting as he remembers them.[19] The Magistrate Judge

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 26–27.

[15] Rec. Doc. 8.

[16] Rec. Doc. 9.

[17] Rec. Doc. 10.

[18] *Id.* at 8–14.

[19] *Id.* at 11.

3

found this argument unavailing because the jury, as the trier of fact, has broad discretion to "resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts."[20] Furthermore, the Magistrate Judge determined that the evidence was sufficient for the jury to conclude that the State's witnesses were credible and that Petitioner's unnecessary use of the gun after the fighting had ceased did not constitute self-defense.[21] Therefore, the Magistrate Judge found that Petitioner was not entitled to relief on the sufficiency of evidence claim.[22]

Second, the Magistrate Judge addressed Petitioner's claim that the thirty-year sentence for manslaughter imposed by the state trial court was excessive under the circumstances of his case.[23] To the extent Petitioner challenged the state courts' compliance with Louisiana's sentencing laws and the Louisiana Constitution, the Magistrate Judge determined that the claim was not cognizable on federal habeas review.[24] The Magistrate Judge noted that Petitioner's sentence fell within the limits set by the Louisiana legislature.[25] Furthermore, the Magistrate Judge determined that the sentence was not out of line with sentences imposed upon similarly situated defendants.[26] Accordingly, the Magistrate Judge concluded that the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.[27]

---

[20] *Id.*

[21] *Id.* at 14.

[22] *Id.*

[23] *Id.* at 15–18.

[24] *Id.* at 15 (citing *Butler v. Cain*, 327 F. App'x 455, 457 (5th Cir. 2009)).

[25] *Id.* at 16.

[26] *Id.* at 17 (citing *State v. Lewis*, 48 So. 3d 1073 (La. 2010); *State v. Lee*, 216 So. 3d 205, 207 (La. App. 2d Cir. 2017); *State v. Cedars*, No. 2016-KA-1044, 2017 WL 3334872, at *1 (La. App. 3d Cir. 4/19/17)).

[27] *Id.*

## II. Objections

*A.     Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[28] First, Petitioner contends that the evidence was insufficient to prove that he did not act in self-defense.[29] Petitioner asserts that "[u]nder the actual circumstances of this case, [he] had every right to believe that he was in imminent danger of losing his life or of receiving great bodily harm."[30] According to Petitioner, "at the time he started shooting he was at the peak of being attacked, and only because he started shooting he escaped great bodily harm and even death by his attackers."[31] Furthermore, "[a]lthough the jury rejected the defense witnesses, and credited the State's witnesses who indicated the fight had completely disbanded when [Petitioner] began shooting," Petitioner contends that "the defense witnesses were credible and made it clear that when [Petitioner] fired his first shot he was still being attacked by more than one person."[32] Petitioner avers that "[t]he testimony by the defense witnesses was more believable than the testimony by State witnesses since their initial testimony about [the victim] being the only person fighting Petitioner was an outright lie and beyond belief."[33] Petitioner contends that "[a]lthough the State witnesses colluded to make it seem that Petitioner did not act in self-defense, their testimony was perjured and self-serving since [the victim] was family and Petitioner unknown to them."[34]

---

[28] Rec. Doc. 11.

[29] *Id.* at 3.

[30] *Id.*

[31] *Id.* at 4.

[32] *Id.* at 5.

[33] *Id.* at 6.

[34] *Id.* at 7.

5

Second, Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on the excessive sentence claim.[35] Petitioner asserts that he was 37 years old at the time of his conviction, and he had no prior criminal history.[36] Petitioner contends that the sentence imposed was excessive because he was physically attacked during the incident and did not intend to hurt anyone.[37]

### B.   *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

### A.   *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[38] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[39] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[40]

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 9.

[38] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[39] Fed. R. Civ. P. 72(b)(3).

[40] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## B. *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[41] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[42] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[43]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[44]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[45] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect

---

[41] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[42] 28 U.S.C. § 2254(d)(2).

[43] 28 U.S.C. § 2254(d)(1).

[44] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[45] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

7

application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[46]

### IV. Law and Analysis

*A.    Sufficiency of the Evidence Claim*

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on the sufficiency of the evidence claim.[47] He asserts that the evidence presented at trial shows that Petitioner acted in self-defense.[48] Petitioner contends that "[a]lthough the State witnesses colluded to make it seem that Petitioner did not act in self-defense, their testimony was perjured and self-serving since [the victim] was family and Petitioner unknown to them."[49] Therefore, Petitioner avers that no reasonable juror could have found him guilty of manslaughter.[50] Accordingly, the Court reviews this issue *de novo*.[51]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[52] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[53]

---

[46] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[47] Rec. Doc. 11 at 1–7.

[48] *Id.* at 6.

[49] *Id.* at 7.

[50] *Id.*

[51] Fed. R. Civ. P. 72(b)(3).

[52] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[53] *Id.* at 319 (emphasis in original) (quotation marks and citations omitted).

8

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[54] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[55]

Petitioner challenges the sufficiency of the evidence to support his manslaughter and attempted manslaughter convictions. Louisiana Revised Statute § 14:31(A) defines manslaughter as "[a] homicide which would be murder . . . but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection." Petitioner does not dispute that the State established the elements required for a conviction of manslaughter and attempted manslaughter, but argues that the State failed to prove that he did not act in self-defense.

Under Louisiana law, when a defendant claims self-defense, the burden is on the State to prove beyond a reasonable doubt that the defendant did not act in self-defense.[56] Pursuant to Louisiana Revised Statute § 14:20(A)(1), a homicide is justifiable "[w]hen committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." Under Louisiana Revised Statute § 14:20(A)(1), "[a] person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and

---

[54] *Id.*

[55] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks and citations omitted).

[56] *State v. Reed*, 11-507 (La. App. 5 Cir. 2/14/12), 88 So.3d 601, 607, *writ denied*, 12-0644 (La. 9/14/12), 97 So.3d 1014. *See also Trosclair v. Cain*, No. 12-2958, 2014 WL 4374314, at *7 (E.D. La. Sept. 2, 2014) (Order adopting Report and Recommendation) (citing *State v. Lilly*, 552 So. 2d 1036, 1039 (La. App. 1 Cir. 1989)).

9

discontinue the conflict." In a non-homicide situation, Louisiana Revised Statute § 14:19(A) provides that the use of force or violence upon the person of another is justified when the force used was reasonable under the circumstances and was apparently necessary to prevent harm to the accused.

In the instant case, the evidence at trial revealed that Petitioner fired ten shots.[57] The decedent, Melvin James, Jr., was struck by six bullets in the back, thigh, and abdomen area.[58] One of the victims of attempted manslaughter, Troy James, was struck by two bullets in his right arm and hip.[59] Another victim of attempted manslaughter, David Lanoix, was struck once in the groin.[60]

It was undisputed that Robert James threw the first punch and began a fight with Petitioner, and Petitioner "was beaten until he was crouched down into a ball."[61] However, the jury was presented with conflicting testimony regarding when Petitioner began shooting.[62] Four witnesses testified for the State that the fight had been broken up when Petitioner began shooting, whereas two witnesses and Petitioner himself testified that the fight was ongoing when Petitioner began shooting.[63]

The assistant coroner who performed the autopsy of the decedent's body testified that bullet number three entered the back of the decedent's left thigh and exited the upper front of the left thigh, with a little "shoring" about the exit wound, which meant that part of the wound was up

---

[57] *State v. Rouser*, 2014-KA-613 (La. App. 4 Cir. 1/7/15); 158 So. 3d 860, 867.

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.* at 867–68.

against something hard.[64] She confirmed that the wound caused by bullet number three would be consistent with someone being shot while face down on the ground.[65] The assistant coroner also concluded that bullet number one was technically fired from behind the decedent but more from the right, while bullets three and four were fired from behind.[66]

The Supreme Court has recognized that "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[67] Petitioner asserts that the evidence presented at trial shows that Petitioner acted in self-defense because the State's witnesses lied and were not credible. However, on habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[68] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict was irrational. Accordingly, on *de novo* review, the Court concludes that the state court's denial of relief on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

B.  *Excessive Sentence Claim*

The Magistrate Judge found Petitioner's claim that his sentence was excessive unavailing because Petitioner's sentence fell within the range provided by law and was not grossly disproportionate to the crime.[69] Petitioner objects to the Magistrate Judge's determination, arguing that the 30 year sentence for a first offense manslaughter conviction was excessive considering the

---

[64] *Id.* at 868.

[65] *Id.*

[66] *Id.*

[67] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[68] *Knox v. Butler*, 884 F.2d 849, 851–52 (5th Cir. 1989).

[69] Rec. Doc. 10 at 15–18.

facts of this case and that he was not the initial aggressor.[70] Because Petitioner objects to the Magistrate Judge's recommendation, the Court reviews this issue *de novo*.[71]

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual."[72] This Court must "initially make a threshold comparison of the gravity of [the defendant's] offenses against the severity of [the defendant's] sentence."[73] If the sentence is not grossly disproportionate to the crime, the inquiry is finished.[74] However, if the Court infers from this comparison "that the sentence is grossly disproportionate to the offense," then it must "compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions."[75] "Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law."[76] The Fifth Circuit has "recognized, following guidance from the Supreme Court, that successful Eighth Amendment challenges to prison-term lengths will be rare."[77]

---

[70] Rec. Doc. 11 at 7–11.

[71] Fed. R. Civ. P. 72(b)(3).

[72] *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (citations and quotation marks omitted).

[73] *Id.* at 316.

[74] *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997).

[75] *McGruder*, 954 F.2d at 316.

[76] *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987) (citations omitted).

[77] *United States v. Hebert*, 813 F.3d 551, 566 (quoting *United States v. Harris*, 566 F.3d 422, 436 (5th Cir. 2009)).

In *Rummel v. Estelle*, the Supreme Court upheld a sentence of life imprisonment with the possibility of parole for the defendant's third nonviolent felony conviction for the crime of obtaining $120.75 by false pretenses.[78] Following its decision in *Rummel*, the Supreme Court upheld a sentence of 20 years imprisonment for possession of marijuana with intent to distribute and 20 years imprisonment for distribution of marijuana, with the prison terms running consecutively.[79] The Court stated that "*Rummel* stands for the proposition that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare."[80]

*Solem v. Helm* is the only case involving an adult defendant in which the Supreme Court has found that a lengthy prison term violated the Eighth Amendment.[81] There, the defendant was sentenced to life imprisonment without the possibility of parole for issuing a "no account" check for $100.[82] The conviction was the defendant's seventh nonviolent felony conviction.[83] The *Solem* Court distinguished the case from *Rummel*, where the defendant was eligible for parole within 12 years, noting that this fact was heavily relied on by the Court.[84] The Court found that the sentence was significantly disproportionate to the crime, reasoning that the criminal conduct was relatively minor, the defendant was treated more harshly than other criminals in the state who were convicted

---

[78] 445 U.S. 263, 265 (1980). The defendant had previously been convicted of fraudulent use of a credit card to obtain $80 worth of goods and services and passing a forged check in the amount of $28.36. *Id.*

[79] *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam).

[80] *Id.* at 374 (citations and quotation marks omitted).

[81] 463 U.S. 277 (1983).

[82] *Id.* at 281–82.

[83] *Id.* at 280.

[84] *Id.* at 297.

of more serious crimes, and the defendant was treated more harshly than he would have been in any other jurisdiction.[85]

The Supreme Court has rejected proportionality claims in other cases following *Solem*. In *Harmelin v. Michigan*, the Court, in a 5-4 plurality opinion, upheld a sentence of life imprisonment without the possibility of parole for the defendant's first felony conviction of possession of 372 grams of cocaine.[86] The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are grossly disproportionate to the crime."[87] In *Ewing v. California*, the Supreme Court, in a 5-4 plurality opinion, rejected a challenge to a sentence range of 25 years to life for the theft of three golf clubs under California's "three strikes" recidivist statute.[88]

Finally, in *Lockyer v. Andrade*, the Supreme Court, in a 5-4 opinion, found that the Ninth Circuit erred in determining that two consecutive sentence ranges of 25 years to life imprisonment for "third strike" convictions of stealing videotapes valued at $84.60 and $68.84 respectively were not contrary to, or an unreasonable application of, clearly established federal law.[89] The Court stated that a state court decision is "'contrary to [] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

---

[85] *Id.* at 303.

[86] 501 U.S. 957 (1991).

[87] *Id.* at 997, 1000–1001 (Kennedy, J., concurring in part and concurring in judgment).

[88] *Ewing v. California*, 538 U.S. 11 (2003).

[89] *Lockyer v. Andrade*, 538 U.S. 63 (2003).

14

Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"[90] Because the petitioner's sentence in *Lockyer* implicated factors relevant in both *Rummel* and *Solem* and because *Solem* stated that it did not overrule *Rummel*, the Supreme Court held that the state court's denial of relief was not contrary to clearly established federal law.[91] Turning to the unreasonable application clause, because "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," the Supreme Court found that it was not an unreasonable application of clearly established federal law for the California courts to affirm the petitioner's sentence of two consecutive terms of 25 years to life in prison.[92]

In the instant case, Petitioner was found guilty of manslaughter in violation of Louisiana Revised Statute § 14:31.[93] The trial court sentenced Petitioner to a term of 30 years imprisonment.[94] Louisiana Revised Statute § 14:31(B) provides that "[w]hoever commits manslaughter shall be imprisoned at hard labor for not more than forty years." Accordingly, the sentence was within the statutory range prescribed by Louisiana law. When a sentence is within the statutory limits prescribed by state law, a petitioner "must show that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in an improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."[95]

---

[90] *Id.* at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

[91] *Id.* at 74.

[92] *Id.* at 77.

[93] State Rec., Vol. I of VIII, Jury Verdict Form, Apr. 28, 2010.

[94] State Rec., Vol. IV of VIII, Minute Entry, Dec. 15, 2011.

[95] *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).

The state trial court found that Petitioner's sentence was warranted given the severity of the offense, and the state appellate courts upheld that determination. Specifically, the state trial court relied on the following facts to support the sentence: (1) both Petitioner and the decedent were law-abiding citizens prior to the incident; (2) the decedent suffered six gunshot wounds, with more than one coming from behind; and (3) the pain and suffering experienced by the decedent's family.[96]

Considering the wide discretion that is accorded a state trial court's sentencing decision, relief is not warranted because Petitioner has not shown that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law.[97] Furthermore, the sentence is not out of line with sentences imposed upon similarly situated defendants.[98] Accordingly, on *de novo* review, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

### V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

---

[96] *State v. Rouser*, 2014-KA-613 (La. App. 4 Cir. 1/7/15); 158 So. 3d 860, 873.

[97] *Haynes*, 825 F.2d at 923–24.

[98] *State v. Lewis*, 09-1404 (La.10/22/10); 48 So.3d 1073 (upholding a sentence of 30 years imprisonment for manslaughter where the defendant had picked up a gun while watching two friends fight and shot one of the combatants in the head, killing him); *State v. Osborn*, 13-697 (La. App. 3 Cir. 12/11/13); 127 So.3d 1087 (upholding a sentence of 30 years imprisonment for manslaughter where the defendant went to a nearby vehicle to retrieve a gun and fired it to break up a fight, resulting in the death of the victim, who was also trying to break up the fight).

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Romero Rouser Jr.'s petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __31st__ day of July, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**